UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NATHANIEL GIBSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 9-30-B-W |
| | ) |
| RICHARD CLUKEY, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION**

Nathanial Gibson, an inmate at the Taylor County Jail in Abilene, Texas, filed a complaint and a motion to proceed in forma pauperis on January 27, 2009. With respect to the motion to proceed without prepayment of the filing fee, I indicated that Gibson provided a ledger sheet from the Penobscot County Jail where earlier he was confined but had not submitted a ledger sheet from the Taylor County Jail, his current place of incarceration. As a consequence I reserved ruling on the motion for leave to proceed in forma pauperis until the Taylor County Jail ledger sheet was provided.

I also warned:

> If the Court does dismiss the action under this section, Plaintiff will still be required to pay the filing fee in full. Gibson seeks Ten Thousand Dollars because he requested a "Solitary Whiches[1] Bible" while incarcerated at the Penobscot County Jail and his request was initially denied. According to the complaint, Gibson made his first request for this bible on December 21, 2008, and he states that, after some back and forth between him and the jail personnel, he received the bible on January 6, 2009. I hereby caution Gibson, with regards to his

---

[1]   It is not clear whether or not Gibson's use of the word "whiches" is meant to be the spelling he intends or is a reference to a misspelling by the jail personnel.

1

> consideration as to whether or not to incur the cost of this suit, that his complaint is susceptible to summary dismissal because this temporary lack of access to this bible fails to state a claim of a constitutional magnitude.  Per his own allegations, upon learning of Gibson's request, jail personnel gave him, within a reasonable window of time, an opportunity to exercise his First Amendment right.  See Cruz v. Beto, 405 U.S. 319, 322 n. 2 (1972); Swoboda v. Dubach, 992 F.2d 286, 290 (10th Cir. 1993).

(Jan. 27, 2009, Order, Doc. No. 3.)

I directed the Clerk to forward a form IFP application to Gibson and ordered him to file an amended application, together with a ledger sheet of his account at the Taylor County Jail, or pay the filing fee of $350, by no later than February 17, 2009,  failing which the matter shall be dismissed for lack of prosecution.

Gibson has not complied with this order, perhaps because he heeded the caution that his complaint would be susceptible to dismissal, and I now recommend that the case be dismissed without prejudice for lack of prosecution.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

>                               /s/ Margaret J. Kravchuk
>                               U.S. Magistrate Judge

February 20, 2009.